ESTERÁS *v.* RÍOS ET AL.

APPEAL from the District Court of Humacao.

No. 157.—Decided December 23, 1907.

APPEAL—DECISION CONTRARY TO THE EVIDENCE.—An objection to a decision based on the ground that it is contrary to the evidence cannot be considered by the appellate court where the appeal was not taken within the 15 days next following the rendition of judgment.

The facts are stated in the opinion.
*Mr. Manuel F. Rossy* for appellant.
The respondent did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 18, 1906, José Y. Esterás filed a complaint in the District Court of Humacao against Josefa Ríos Colón, Joaquín Rodríguez Serra, her husband, Emilio Fernández Morales, and María Pérez Ríos, his wife, in which complaint he made the following prayers:

1. That the deed executed November 2, 1898, by which a transfer in payment was made by the plaintiff in favor of Emilio Fernández Morales, as the attorney in fact of Josefa Ríos Colón, before Lorenzo A. Jiménez García, a notary of Caguas, be declared null and void.

2. That the deed containing a redemption clause executed two days later—that is to say, November 4, 1898—by Emilio Fernández Morales, as the attorney in fact of Josefa Ríos Colón, in favor of the plaintiff, before the said notary, Lorenzo A. Jiménez García, be likewise declared null and void.

3. That the private contract of lease executed in Caguas under date of November 7, 1898, by Emilio Fernández, as the attorney in fact of Josefa Ríos Colón and Joaquín Rordíguez on one side, and José Y. Esterás on the other, be also annulled.

4. That as a consequence of the annulment of the said deeds, the record thereof made in the Registry of Property of Caguas be also annulled.

5. That, in view of the merit of the foregoing prayers, the plaintiff be restored to the possession of the estate given in payment to Emilio Fernández Morales, as the attorney in fact of Josefa Ríos Colón, by the deed of November 2, 1898, and that the defendant pay him for all the products produced, or which it should have produced, estimated at $4,000, and damages, estimated at $4,000 more, from which amounts are to be deducted 2,000 provincial *pesos,* the value of the mortgage constituted by Esterás in favor of Josefa Ríos, with interest to the date of the return of the estate given to Ríos in payment of said mortgage.

The fundamental facts alleged in the complaint are the following:

1. That by public deed executed on July 21, 1896, before Francisco Jiménez Prieto, a notary of Caguas, José Y. Esterás, for the purpose of securing a loan of 2,000 provincial *pesos,* constituted a mortgage in favor of Josefa Ríos Colón upon an estate belonging to him consisting of 94 *cuerdas*— that is to say, 38.25 hectares—situated in the *barrio* of Cañabon, in the jurisdiction of Caguas. It is bounded on the north by the road of Aguas Buenas and by property belonging to the Estate of E. Jiménez; on the south by property of Manuel A. García and the Estate of José Fernández; on the east by property of the Estate of Jiménez and Carmen Argüeso; and on the west by property belonging to the Estate of Manuel Jiménez Córdova and the road leading to the *barrio* of Caña. boncito. For the purposes of the mortgage the estate was valued at 2,500 provincial *pesos,* the rate of interest on the debt, which was to mature on July 21, 1898, being fixed at 1 per cent per month.

2. That Esterás having been unable to meet the debt upon its maturity, he agreed with Emilio Fernández, as the attorney in fact of Josefa Ríos Colón, after the institution of execution proceedings for the recovery of the debt, for the latter to grant him an extension of time for the payment of the debt, which extension was granted upon Esterás conveying to Josefa Ríos the mortgaged estate in satisfaction of her claim, Esterás reserving the right of redemption upon the payment, with interest, of the sum fixed in the mortgage, and simulating a contract of lease for a price exactly equal to that of the interest on the mortgage. Under this contract Esterás continued in possession of the estate as lessee which he had conveyed in payment. To carry out the agreement a deed of conveyance in payment was executed on November 2, 1898, another, dated the 4th of said month of November, in which the right of redemption to the estate conveyed in

payment was reserved in favor of Esterás, which redemption was to be effected by the delivery of the 2,000 provincial *pesos,* and interest thereon, the duration of the right of redemption continuing to January 31, 1900; and, finally, a private contract of lease by Esterás of the same estate, to expire on the same date, January 31, 1900, the lease price being the same as the amount of the interest on the debt.

3. That upon the expiration of the term for the exercise of the right of redemption without Esterás having paid the sum agreed on, the extension he requested was denied, the deed of conveyance in settlement of the mortgage being considered in effect, and three months later he was dispossessed for nonpayment of the lease agreed on.

4. That the fraudulent contracts referred to, contrary to morals and entered into on the part of Esterás in the fear of losing his property and because of the insidious and suggestive promises on the part of the defendants, were embodied in certain documents improperly called public deeds, because the person who authenticated them with his signature and before whom they were executed, is Lorenzo A. Jiménez García, who lacked the legal qualifications for discharging notarial functions.

5. That although the estate described was given a value of 2,500 provincial *pesos* in the mortgage deed of July 21, 1896, it subsequently increased in value in the hands of Esterás to $6,000, which was its value when it was appropriated by the defendants, and on the date of the complaint it had risen in value to $9,000 or $10,000.

6. That the sum which Esterás has failed to receive as profits, after deducting the interest on the credit of Josefa Ríos and the payment of the taxes on the estate from the date the defendants appropriated it—that is to say, from October, 1900, to the date of the complaint—is estimated by the plaintiff at the sum of $4,000, and damages at the same sum.

The defendants, Emilio Fernández and María Pérez, upon making answer to the complaint, denied each and every one of the facts therein alleged, and pleaded as a defense that proceedings had been prosecuted in the District Court of Humacao between the same parties, involving the same cause of action to set aside the same contracts, and for the recovery of the same estate, in which proceedings judgment had been rendered on February 21, 1902, dismissing the complaint of Esterás, which judgment is final because this Supreme Court had dismissed the appeal in cassation or appeal taken therefrom by Esterás.

In the statement of facts it is asserted that the default of the other defendants, Josefa Ríos Colón and her husband, José Rodríguez Serra, had been entered, notwithstanding which the judgment roll containing a copy of the return of service of the entry of default show that on August 24, 1906, the secretary of the court, Enrique Rincón, had, in compliance with an order of said court, which appears in the book of minutes, proceeded in accordance with the law to enter the default of Emilio Fernández Morales and of his wife, María Pérez Ríos. It appears that an error in names must have been committed.

After the trial was held the judge rendered the following judgment:

"*Judgment.*—On March 28, 1907, this case was called for trial, the plaintiff appearing personally and by Attorneys Manuel F. Rossy and Sandalio Torres Monge, and the defendants by Attorney Manuel Toro. On the same day the court heard the pleadings of the parties, the documentary evidence, the testimony of the witnesses presented, and the arguments of counsel, reserving judgment.

"On this 9th day of April, 1907, the court holds that the law and the facts are in favor of the defendants, and therefore adjudges that the plaintiff shall not recover anything from the defendants, and that the latter be relieved of all claims with respect to this complaint, with the costs of these proceedings, taxed at ————, against the plaintiff, and it is ordered that execution issue against his property for the satisfaction of this judgment.

"Done under my hand, in Humacao, April 9, 1907. Charles E. Foote, Judge. Attest: Enrique Ricón, Secretary. Entered this 9th day of April, 1907."

Under date of the 30th of the same month counsel for the plaintiff filed a notice of appeal from the foregoing judgment to this Supreme Court, which is now awaiting disposal after the written and oral allegations of the appellant have been considered and heard. The respondents did not appear in this court.

Counsel for José Y. Esterás, both orally and in writing, raised two questions in this Supreme Court: (1) The nullity of the deeds of November 2 and 4, 1898, on account of having been executed before Lorenzo A. Jiménez García, who, it is alleged, was not legally a notary public of Caguas because he had been appointed by the commander of the American military detachment stationed there who had not been granted any civil functions by the commanding general of the Department of Porto Rico, and also because Jiménez had failed to comply with the provisions of law requiring him to present his certificate to the Board of the College of Notaries of Porto Rico in order that he might be given possession, and that he had failed to register his signature, mark and rubric in the presence of the Chief Justice of the Supreme Court; (2) the groundlessness of the exception of *res judicata* pleaded by the defendants, Emilio Fernández and María Pérez, because perfect identity does not exist in this action and the previous action, to which the defendants refer, between the things, causes, persons of the litigants, and capacities in which they appear.

The appellant has omitted in this court his allegations of nullity relating to the contracts embodied in the deeds of November 2 and 4, 1908, and confines his allegations to the two questions above mentioned, for the consideration of which he has submitted the proper statement of facts approved by the lower court, and has presented in this Supreme Court a

brief summary of the evidence heard at the trial applicable to these two questions.

We think that the matters submitted to judicial consideration in this appeal involve questions of fact, because as the parties, in view of· their allegations, do not agree as to the facts which constitute the causes of action and exceptions, it becomes necessary, then, in the first place, to define and establish the facts in order to apply the law.

Bouvier in his dictionary defines the word *question* as "a point upon which the parties are not agreed and which is submitted to the decision of a judge or jury," and the same author adds that "when the doubt or difference arises as to what the law is on a certain state of facts, this is said to be a *legal question;*   *   *   *   and when it arises as to the truth or falsehood of facts, this is a *question of fact.*"

In order to decide the legal questions which have been submitted to us we must know the facts which gave rise thereto, and these facts are in favor of the defendants, as the court below has held in its judgment of April 9 last. These findings might be reviewed in connection with the evidence heard at the trial in order to determine whether or not they are in accord with such evidence; but we cannot make the review suggested notwithstanding the fact that a statement of facts has been presented for that purpose, because, although the final judgment appealed from must be deemed to be excepted to in every respect by operation of law, in accordance with the provisions of section 213 of the Code of Civil Proceudre, even though the exceptions be not included in a bill of exceptions, it being sufficient that they appear in the record and roll, we think that, in accordance with the provisions of section 295 of the said Code, an exception to the judgment on the ground that it is not supported by the evidence cannot be reviewed by virtue of an appeal from the judgment unless the appeal be taken within 15 days after the rendition of such judgment, which requisite has not been

complied with in this case, in which the judgment was rendered and entered on April 9 of the current year and appealed from on the 30th of the said month.

The doctrine established conforms to the letter of section 295 of the Code of Civil Proceudre and follows the decisions of this court in the cases of *Rafael Valentín Román* v. *The American Railroad Co, of Porto Rico,* the *Estate of Andrés Natalio Maisonave* v. *Julian Maisonave and Nicolas Pérez,* and the *Estate of Olivas* v. *J. Matienzo & Co.,* decided respectively on January 29, 1906, and December 5 and 12, 1907.

The facts being in favor of the defendants, as held by the lower court, which decision cannot be discussed before us on appeal because the judgment was not appealed from within the legal period for the purpose of reviewing the evidence, we must conclude that, according to these facts, Lorenzo A. Jiménez García had legal capacity to discharge notarial functions, or that if he did not have such capacity the elements brought to the trial determined the soundness of the exception of *res judicata.*

For the reasons stated the judgment appealed from should be affirmed, with the costs of the appeal also against the plaintiff and appelalnt. ·                                                  *Affirmed.*

Chief Justice Quiñones, and Justices Figueras and Wolf concurred.

Mr. Justice MacLeary did not take part in the decision of this case.